UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE INGRAM                                                             CIVIL ACTION

VERSUS                                                                    NO. 13-436

STATE OF LOUISIANA OFFICE                                                 SECTION "H"(1)
OF INDIGENT DEFENDERS BOARD, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Tyrone Ingram, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants the "State of Louisiana Office of Indigent Defenders Board" and William G. Yates. Although the complaint is largely nonsensical, it appears that plaintiff is essentially claiming that he received ineffective assistance of counsel in his state criminal proceedings. As relief, he asks that he be awarded $20,000,000.00 in damages, that his state conviction and sentence be vacated, and that he be immediately released from prison.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

>    misconduct alleged.  The plausibility standard is not akin to a "probability
>    requirement," but it asks for more than a sheer possibility that a defendant has acted
>    unlawfully.  Where a complaint pleads facts that are merely consistent with a
>    defendant's liability, it stops short of the line between possibility and plausibility of
>    entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II.  *Habeas Corpus* Relief

As a preliminary matter, the Court notes plaintiff is requesting that his state conviction and sentence be vacated and that he be immediately released from prison.  Those forms of relief may not be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983.  Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

Moreover, it would be futile to construe the complaint in part as a *habeas corpus* petition seeking relief under 28 U.S.C. § 2254, because plaintiff has already filed one such petition and relief was denied on the merits.  Ingram v. Warden, Civ. Action No. 07-1064, 2007 WL 1796193 (E.D.

---

[1]   The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

La. June 18, 2007), certificate of appealability denied, No. 07-30644 (5th Cir. June 4, 2008), cert. denied, 555 U.S. 1056 (2008) . Before he may file a "second or successive" § 2254 petition, he must obtain permission from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b). He was recently denied such permission. *In re* Ingram, No. 11-3100 (5th Cir. Jan. 4, 2012).

### III. § 1983 Claims

To the extent that plaintiff is seeking an award of monetary damages, that form of relief may, of course, be awarded pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Defendant Yates was the public defender who represented plaintiff in his state criminal proceedings. Plaintiff is essentially claiming that Yates rendered ineffective assistance of counsel during those proceedings. However, it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Ellison v. De La Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a § 1983 suit must fail "for want of any action under color of state law"). Because Yates was not a state actor, he simply cannot be held liable under § 1983, and the claim against him must therefore be dismissed.

As noted, plaintiff also sued the "State of Louisiana Office of Indigent Defenders Board." The Board, which is properly called the "Louisiana Public Defender Board," is a state agency. La.Rev.Stat.Ann. § 15:146(A)(1). Therefore, the claim against the Board likewise fails, because state agencies are not "persons" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D. La. 2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Further, in any event, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); McGuire, 2009 WL 4891914, at *3-4.[2]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

[2] Out of an abundance of caution, the Court notes that plaintiff's claim against the Board lacks merit for several other reasons as well.

First, plaintiff's conclusory allegations that the Board acted negligently in failing to properly train Yates and to ensure his competence are insufficient to support an actionable § 1983 claim. Montgomery v. City of Lake Charles, No. 2:10-1297, 2011 WL 887910, at *2 (W.D. La. Mar. 9, 2011).

Second, plaintiff is essentially attempting to hold the Board liable based on a theory of vicarious liability, which is not permitted in § 1983 actions. Polk County, 454 U.S. at 453; Walton v. Parish of LaSalle, 258 Fed. App'x 633 (5th Cir. 2007); Taylor v. Babcock, No. 90-35632, 1992 WL 60464 (9th Cir. Mar. 30, 1992); Brown v. Noel, Civ. Action No. 3:10-CV-0479, 2010 WL 2696151, at *2 (W.D. La. July 2, 2010); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2 (E.D. La. Jan. 25, 2008).

Third, because plaintiff's claim is premised on an underlying allegation that Yates provided ineffective assistance of counsel, and because a finding in plaintiff's favor on that issue would necessarily implicate the invalidity of his outstanding conviction, his claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). See, e.g., Stackhouse v. Kravich, 222 Fed. App'x 142 (3rd Cir. 2007); Browdy v. Karpe, 131 Fed. App'x 751, 753 (2nd Cir. 2005); Pearson v. Horenstein, 43 Fed. App'x 777, 778 (6th Cir. 2002); Webber v. Weaver, 6 Fed. App'x 706, 708 (10th Cir. 2001); Cook v. Neuner, Civ. Action No. 12-1428, 2012 WL 2856495, at *2 (E.D. La. June 20, 2012), adopted, 2012 WL 2856492 (E.D. La. July 11, 2012); Montgomery v. City of Lake Charles, No. 2:10-1297, 2011 WL 887910, at *3 (W.D. La. Mar. 9, 2011); Robinson v. Snipes, No. 3-09-CV-1863, 2009 WL 4059197, at *2-3 (N.D. Tex. Nov. 20, 2009); Perkins v. Martin, No. 3:09-CV-1731, 2009 WL 3816525, at *2-3 (N.D. Tex. Nov. 12, 2009).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this thirteenth day of March, 2013.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]  <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.